**UNITED STATES of America, Plaintiff,**

**v.**

**AMERICAN NATIONAL BANK OF BENSENVILLE (F/K/A First American Bank of Bensenville), as Trustee U/T/A December 6, 1979 and known as Trust No. 79–336; Elizabeth R. Pappas, and Unknown Owners, Defendants.**

No. 86 C 7630.

United States District Court, N.D. Illinois, E.D.

Aug. 10, 1987.

Gillum Ferguson, Asst. U.S. Atty., Chicago, Ill., for plaintiff.

Selwyn Coleman, Roselle, Ill., Ronald V. Hirst, Law Offices of Thomas A. Durkin, Chicago, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER

HOLDERMAN, District Judge:

On October 8, 1986 the United States brought this action to foreclose a mortgage. The U.S. alleged that on December 30, 1981 Article Two, Inc. d/b/a Gun World ("Gun World") borrowed $450,000 from Plaza Bank, executed a promissory note in that amount and delivered a mortgage on certain DuPage County property as security.

Before the court is plaintiff's motion for summary judgment.

### BACKGROUND FACTS

The parties do not dispute the following material facts.

On December 30, 1981 Gun World took out an SBA loan for $450,000.00 from the Plaza Bank of Norridge, Illinois. Gun World executed a promissory note for $450,000 payable to the order of Plaza Bank. This note was signed by James J. Pappas, as President of Gun World, and by Jerome B. Soskin, as its Secretary.

James Pappas personally guaranteed the $450,000 debt. He also caused a mortgage to be placed against his personal residence in DuPage County. The mortgage document provides:

This instrument is given to secure the payment of a promissory note dated December 30, 1981 in the principal sum of $450,000, signed by Jerome Soskin and James Pappas on behalf of Article Two, Inc. d/b/a Gun World.

Title to the DuPage property was held in the name of the First American National Bank of Bensenville (now known as the American National Bank of Bensenville), as land trustee under trust number 79–336. The beneficiaries of trust number 79–336 were James J. Pappas and the defendant, Elizabeth Pappas, who were husband and wife at the time the aforementioned loan was made. Subsequently, James and Elizabeth Pappas divorced. Pursuant to the terms of their divorce decree, Elizabeth Pappas became and is now the sole beneficiary of the subject land trust.

### DISCUSSION

Summary judgment is proper if the pleadings and evidentiary materials show that there is no genuine issue as to any material fact. Fed.R.Civ.P. 56(c). The party opposing the motion receives the benefit of reasonable inferences.

Defendants argue that an issue as to three material facts precludes summary judgment: (1) whether the mortgage secures the $450,000 promissory note; (2) whether the Plaza Bank breached its alleged promise to release James Pappas on his personal guarantee; and (3) whether Gun World's obligation, as modified by its Chapter 11 bankruptcy plan, is in default.

Because this court concludes that a genuine issue exists as to whether Gun World's obligation is in default, this court will not address defendants' arguments as to the other material facts.

Gun World's Chapter 11 Plan ("the Plan") states that the Small Business Administration, in full settlement of its claim against the Debtor, shall be paid a total of $73,920.00 in monthly installments of $1,232.00. The Plan also provides:

Confirmation of this Plan will in no way affect the rights of the U.S. Small Business Administration to proceed to attempt to recover this obligation as against other collateral (other than that referred to in paragraph 3.3) or against

gaurantors or obligors other than the Debtor herein.[1]

Plaintiff argues that the Plan reserves to the SBA the right to foreclose the mortgage (*i.e.* "other collateral") in satisfaction of Gun World's debt. Plaintiff has not, however, presented evidence that Gun World's obligation—as modified by the Plan—is in default. Paragraph 3.4 of the Plan does not support plaintiff's argument; it preserves the SBA's right to "recover *this* obligation" as against other collateral (emphasis added). The phrase "this obligation" refers to the obligation settled for $73,920.00. Under the Plan, the reorganized debtor must repay the $73,920.00 debt in monthly installments. Plaintiff has not presented evidence that the reorganized debtor is currently in default on this modified obligation.[2]

## CONCLUSION

For the foregoing reasons, plaintiff's motion for summary judgment is DENIED. The parties are strongly encouraged to discuss settlement and report on the status thereof on Tuesday, August 25, 1987 at 10:00 a.m.

---

**1.** Paragraph 3.3 of the Plan provides that the SBA loan "to the extent of $73,920.00 as aforesaid" shall continue to be secured by a lien on Debtor's machinery, equipment, inventory and accounts receivable, now owned and hereafter acquired.

**2.** The U.S. has not sued Mr. Pappas on his personal guarantee; the U.S. neither alleged the existence of the guarantee nor submitted the document itself. This court need not, therefore, determine whether the U.S. could recover the unpaid balance on the $450,000 loan by suing on Mr. Pappas' guarantee.